IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DOROTHY L. PATRICK, § | |
|    Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:24-CV-114-P |
| § | |
| MARK PAYNE, ET AL., § | |
|    Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING PLAINTIFF'S SECOND AMENDED COMPLAINT

On February 5, 2024, *pro se* Plaintiff Dorothy L. Patrick ("Patrick") filed a Complaint against Defendants Mark Payne, Tony Skinner, and Kacy Mohead. Thereafter, in an order dated February 7, 2024, Patrick was granted permission to proceed *In Forma Pauperis* ("IFP"). On March 4, 2024, the Court, after noting that "Plaintiff's complaint does not comply with the applicable pleading standards," ordered Patrick to file an "amended complaint that complies with the [Federal Rules of Civil Procedure ("Rules")] and includes a plain statement of all her claims against all Defendants." (Order Directing Plaintiff to File a Form Amended Complaint [doc. 9] at 2.) Plaintiff filed an Amended Complaint [doc. 11] on March 18, 2024.

On April 29, 2024, the Court issued a Second Order Directing Plaintiff to File a Form Amended Complaint, stating:

> After reviewing Plaintiff's Amended Complaint, the Court again finds that Plaintiff's complaint does not comply with the applicable pleading standards. On the first page of Plaintiff's Amended Complaint, Plaintiff sets forth a claim for "Discrimination under the Rehabilitation Act." (Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") at 1.) However, in other pages attached to her Amended Complaint, Plaintiff makes reference to claims that she was discriminated against based on her race and retaliated against for seeking a reasonable accommodation due to her medical conditions. (*See, e.g.*, Pl.'s Am. Compl. at 2-3.) In addition, Plaintiff's Amended Complaint also references a claim for retaliation for prior Equal Employment Opportunity Commission ("EEOC") activity and possible claims under Title VII of the Civil Rights Act, the Family Medical Leave Act, the

1

>   Americans with Disabilities Act, and the Age Discrimination in Employment Act. (*See*, *e.g.*, Pl.'s Am. Compl. at 12, 26, 35, 44-50.)  It is, however, unclear exactly what claims Plaintiff is asserting against each Defendant, when each of Plaintiff's cause(s) of action arose, and whether she has timely filed this suit.[1]
>
>   Based on the foregoing, the Court will allow Plaintiff to file a second amended complaint that complies with the Rules and **includes a plain statement of each claim(s) asserted against each Defendant, the date when each claim arose, and whether Plaintiff has complied with any required exhaustion of remedies for each claim prior to filing suit**.  Plaintiff is advised that once the form amended complaint with any attachment pages is filed, the Court will look **only** to that document and any attachment pages in reviewing her claims.[2]  Service of process on any potential Defendant will be withheld pending review of the amended complaint and any attachments thereto.

(Second Order Directing Plaintiff to File Form Amended Complaint [doc. 13] at 2-3 (emphasis and footnotes in original).)

Thereafter, on May 13, 2024, Patrick filed a Second Amended Complaint [doc. 14].  In this complaint, Plaintiff states, "Please see attachments."  Patrick then attaches twenty-five additional documents to her complaint.  On one page, Plaintiff appears to be asserting two claims pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq*.  However, Plaintiff does not specifically mention the ADA and fails to set forth which claim(s) she is asserting against each Defendant, the date when each claim arose, and whether Plaintiff has complied with any required exhaustion of remedies for each claim prior to filing suit.

---

[1] For example, before suing under Title VII, a plaintiff must exhaust his administrative remedies.  *See Hamilton v. Office of Inspector Gen.*, No. 3:22-CV-00649-X (BH), 2023 WL 4566532, at *2 (N.D. Tex. June 27, 2023).  As another example, a claimant must bring a claim under the Rehabilitation Act within two-years of when the plaintiff becomes aware that she has suffered an injury.  *See Bullock v. Univ. of Tex. at Arlington*, No. 22-10013, 2014 WL 637474, at *2 (5th Cir. Feb. 15, 2024).  However, before a federal employee can bring a suit against a federal *agency* under the Rehabilitation Act, she is required to exhaust her remedies before filing suit.  *See Dugger v. Stephen F. Austin State Univ.*, 232 F. Supp. 3d 938, 953 (E.D. Tex. Feb. 6, 2017) (collecting cases); *White v. UT Sw. Med. Ctr.*, No. 3:22-CV-1386-D, 2022 WL 17978808, at *4 (Dec. 28, 2022).

[2] *See generally Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 740 (5th Cir. 1986) (finding that an amended complaint entirely supersedes and takes the place of an original pleading, rendering the original complaint of no legal effect); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985).

Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding IFP. Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that, *inter alia*, it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law of fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief about the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (quoting *Bell Atl. Corp.*, 550 U.S. at 550).

In this case, the Court has given Plaintiff two opportunities to file an amended complaint that complies with the Rules and states a claim upon which relief can be granted. Plaintiff, however, has failed to do so. Moreover, for ADA claims, the Court "applies Texas's two-year personal injury limitations period." *Mapes v. Tex.*, No. MO:18-CV-00170-DC, 2018 WL 9786073, at *4 (W.D. Tex. Oct. 1, 2018); *see Kennemer v. Denton Cnty.*, No. 2023-028888-CA-01, 2023 WL 2584924, at *6 n.19 (E.D. Tex. Mar. 1, 2023) ("ADA . . . claims have two-year statutes of limitations."). "This means that Plaintiff had two years from the time his claims accrued to file an ADA complaint concerning these allegations." *Id*. "Federal law governs when a claim accrues, beginning when a plaintiff knows or has reason to know of the injury which is the basis of the action." *Navarrette v. Isbell*, No. H-13-2678, 2015 WL 926559, at *2 (S.D. Tex. Mar. 4, 2015) (internal quotation marks and citations omitted).

3

In this case, based on the claims alleged and the documents attached to Plaintiff's Second Amended Complaint, it is clear that Plaintiff's alleged claims under the ADA accrued by 2021, at the very latest. In addition, there is no allegations that Defendants have engaged in a "continuing wrong" since 2021 that would extend the statute of limitations under the continuing tort doctrine. *See Navarrette*, 2015 WL 926559, at *2 ("The Fifth Circuit has recognized that a continuing tort does not accrue until the tort has ceased.") As Plaintiff did not file her suit in this Court until February 5, 2024, over two years after her claims accrued, and has presented no allegations to the contrary, the Court **FINDS and CONCLUDES** that Plaintiff's ADA claims are barred by the statute of limitations. Thus, the Court **RECOMMENDS** that, pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's claims be **DISMISSED** for failure to state a claim upon which relief can be granted.

Courts ordinarily err in dismissing *pro se* complaints for failure to state a claim without first extending an opportunity to amend the pleadings. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, in this case, Plaintiff has already been given two opportunities to file an amended complaint that complies with the Rules and states a valid claim. Plaintiff's Second Amended Complaint, which is the live pleading before the Court, does not allege a viable legal claim or cause of action. Thus, the Court finds and concludes that Plaintiff has asserted her best case and the granting of any additional leave for Plaintiff to amend her claims would be futile.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## **ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **May 28, 2024,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 14, 2024.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE